IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE STAND 'N SEAL, PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1804 ALL CASES<br><br>1:07 MD1804-TWT |

ORDER

This is an MDL proceeding in which about 200 personal injury actions are consolidated for pretrial proceedings. It is before the Court on the Defendant Home Depot U.S.A., Inc.'s Motions for Partial Summary Judgment on Strict Liability Claims [Docs. 1770, 1771]. For the reasons stated below, Home Depot's motions are GRANTED.

I. Background

This MDL proceeding arises out of lawsuits filed by users of Stand 'n Seal "Spray-On" Grout Sealer. Stand 'n Seal is a consumer product used to seal ceramic tile grout in kitchens, bathrooms, and similar areas. The purported advantage of Stand 'n Seal is that users can easily stand and spray the sealant onto the grout without the strain of using a brush and manually applying the sealant. The Plaintiffs say that the problems with Stand 'n Seal began when the manufacturer changed its chemical

components. Stand 'n Seal was originally manufactured with a fluoropolymer chemical known as Zonyl 225.[1] But from April to May 2005, and again in July 2005, the manufacturer of Stand 'n Seal switched from Zonyl to a different fluoropolymer chemical known as Flexipel S-22WS. The Plaintiffs say that users of Stand 'n Seal immediately began experiencing respiratory problems, such as chemical pneumonitis, from exposure to Stand 'n Seal. By August 31, 2005, Stand 'n Seal with Flexipel was recalled.

As a result of their injuries, consumers all over the country filed lawsuits asserting various claims against each of the companies involved in the manufacture, distribution, and sale of Stand 'n Seal with Flexipel. On January 5, 2007, the Judicial Panel on Multidistrict Litigation transferred the federal lawsuits to this Court for consolidated pretrial proceedings. Some of the Plaintiffs in this MDL proceeding have asserted claims under the theory of strict products liability. Home Depot now moves for summary judgment on these claims in two cases: <u>Flynn v. Roanoke Companies Group, Inc.</u>, No. 1:06-CV-1809, and <u>Adams v. Roanoke Companies Group, Inc.</u>, No. 1:07-CV-0686. In <u>Flynn</u> and <u>Adams</u>, the Plaintiffs say that they

---

[1] Fluoropolymers are known for exceptional chemical resistance and high-temperature stability. The most commonly known fluoropolymer is probably the DuPont brand Teflon. Teflon is used in hundreds of products, including coating of non-stick frying pans.

purchased, used, and were injured by Stand 'n Seal in the state of Georgia. Home Depot says that it is entitled to summary judgment because, under Georgia law, strict liability does not apply to product sellers such as Home Depot.

## II. Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the non movant. Adickes v. S.H. Kress and Co., 398 U.S. 144, 158-159 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III. Discussion

Georgia law provides by statute for the liability of manufacturers of defective products under the circumstances commonly referred to as strict liability. The statute provides:

> The manufacturer of any personal property sold as new property directly or through a dealer or any other person shall be liable in tort, irrespective

of privity, to any natural person who may use, consume, or reasonably be affected by the property and who suffers injury to his person or property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of the injury sustained.

O.C.G.A. § 51-1-11. But "a product seller is not a manufacturer as provided in Code Section 51-1-11 and is not liable as such." O.C.G.A. § 51-1-11.1(b). A product seller is defined as:

> [A] person who in the course of a business conducted for the purpose leases or sells and distributes; installs; prepares; blends; packages; labels; markets; or assembles pursuant to a manufacturer's plan, intention, design, specifications, or formulation; or repairs; maintains; or otherwise is involved in placing a product in the stream of commerce. This definition does not include a manufacturer which, because of certain activities, may additionally be included within all or a portion of the definition of a product seller.

O.C.G.A § 51-1-11.1(a).

Home Depot qualifies as product seller and is entitled to summary judgment. All of the evidence in the record indicates that Home Depot is a retail seller of Stand 'n Seal and was not involved in the design, formulation, manufacture, labeling, or testing of the product. (Def. Home Depot U.S.A., Inc.'s Statement of Undisputed Material Facts ¶¶ 2-7.) Indeed, even the Plaintiffs agree that "the evidence does not support a claim against Home Depot in strict liability under Georgia law." (Pls.' Response to Def. Home Depot U.S.A., Inc.'s Mot. for Partial Summ. J. on Strict Liability Claim, at 2.) Nonetheless, the Plaintiffs say that Home Depot is not entitled

to summary judgment because the Plaintiffs still have one more deposition left that may, although they concede it is unlikely, provide evidence that Home Depot is a manufacturer. But the Plaintiffs have already conducted extensive discovery, including a deposition of a representative from Home Depot under Rule 30(b)(6) of the Federal Rules of Civil Procedure. If there was evidence that Home Depot was a manufacturer, the Plaintiffs should have it by now. In the unlikely event that the Plaintiffs' remaining discovery produces evidence that Home Depot was a manufacturer, the Plaintiffs can file a motion for reconsideration of this Order. See Godby v. Electrolux Corp., Civ. No. 1:93-CV-353, 1994 WL 470220, at *1 (N.D. Ga. May 25, 1994) (noting that "the availability of new evidence" is one ground for the reconsideration of an order). Therefore, Home Depot is entitled to summary judgment to the strict products liability claims in Flynn and Adams.

## IV. Conclusion

For the reasons stated above, the Defendant Home Depot U.S.A., Inc.'s Motions for Partial Summary Judgment on Strict Liability Claims [Docs. 1770, 1771] are GRANTED.

SO ORDERED, this 22 day of June, 2009.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge